**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**March 6, 2023**

_____

**Christopher M. Wolpert**
**Clerk of Court**

HOWARD TRAVIS,

    Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA
INTERNAL REVENUE SERVICE;
UNITED STATES DEPARTMENT OF
JUSTICE,

    Defendants - Appellees.

No. 22-2109
(D.C. No. 2:22-CV-00512-MIS-SMV)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **MATHESON**, **BRISCOE**, and **EID**, Circuit Judges.

_____

Plaintiff Howard Travis, appearing pro se, filed this action against the Internal

Revenue Service (IRS) and the United States Department of Justice (DOJ) effectively

seeking to challenge the IRS's claim that he was responsible for unpaid federal tax

liabilities and penalties for the tax years 2007 through 2012. The district court

dismissed the action without prejudice because it concluded that Travis's claims were

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

duplicative of arguments he was making in a pending suit brought against him in federal court by the United States.  Travis now appeals.  Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

I

On April 26, 2022, the United States filed suit against Travis in the United States District Court for the District of New Mexico to reduce to judgment unpaid federal income tax liabilities owed by Travis.  *See United States v. Travis*, 2:22-cv-315 (D.N.M.) (*Travis I*).  The United States alleged in its complaint that Travis, despite receiving notice and demand for payment of federal tax liabilities for the tax years 2007 through 2012, had failed, neglected or refused to pay those liabilities.  The United States alleged that the unpaid federal taxes and penalties totaled $283,055.49.

On June 29, 2022, Travis responded to the government's suit by filing a pleading that he labeled a "complaint."  The clerk of the district court docketed the pleading as an answer to the government's complaint in *Travis I*.

On July 11, 2022, Travis initiated these separate proceedings by filing a pro se complaint that appears to be largely, if not entirely, identical to the pleading he filed in response to the government's complaint in *Travis I*.  In his complaint, Travis alleges that he is a "NONPERSON," "NON-RESIDENT, NON-DEBTOR," "NON-CORPERATED, NON-FICTION, NON-SUBJECT, NON-PARTICIPANT in any Government programs, a Living flesh and blood man standing on the ground."  ROA, Vol. I at 10.  He also alleges that he "is a 'transient foreigner' without legal

2

domicile" and is "outside any/all general jurisdiction of the federal government." *Id*.

Travis in turn asserts in the complaint a host of challenges to the authority of the IRS

to collect federal taxes from him. For example, he argues that: (a) the IRS is not "a

lawful bureau or department within the U.S. Department of the Treasury," *id*. at 12

(emphasis omitted); (b) "Title 26" of the United States Code "has never been enacted

into positive law," *id*.; and (c) an IRS regulation that addresses "Income tax on

individuals," 26 C.F.R. § 1.1-1(b), "attempted to create a specific liability for all

federal citizen(s) and all resident alien(s), but without a corresponding federal statute

that created a liability for taxes imposed by IRC subtitle (A)," and that "[n]either

class is mentioned anywhere at IRC § 1," *id*. at 11. Travis also purports to "declare

that [he is] not and . . . never was a 'taxpayer' as that term is defined in the Internal

Revenue Code, a 'person liable' for any Internal Revenue tax, or a 'person' subject to

the provisions of that Code." *Id*. at 13. Travis declares instead that he is "and ha[s]

always been, a 'non-taxpayer.'" *Id*.

In the complaint, Travis seeks copies of various IRS documents. Travis also

asks that the "Chief Justice of the United States" issue a "Certificate of Necessity

[so] that [the district court could] designate and assign temporarily a competent and

qualified judge from the Court of International Trade to perform judicial duties" in

this matter. *Id*. at 17. Lastly, Travis asks that a "Notice of Deficiency for the said

1040; Years 2007 to 2012 as well as an itemized RBA [Restitution Based

Assessment] . . . be nulled and void NOT ONLY FOR JURISDICTIONAL ISSUES,

but noncompliance of the above requested being put on the record." *Id*. at 20 (brackets in original).

On July 14, 2022, the magistrate judge assigned to the case issued an order directing Travis to "show cause" within twenty-one days "why th[e] case should not be dismissed." *Id*. at 28. The order noted that Travis had filed an identical pleading in *Travis I* in response to the government's complaint against him. The order in turn stated that "[a]llowing this case to proceed will cause the court and the Parties to needlessly litigate the same issues twice," and it thus tentatively concluded that the "case should be dismissed pursuant to the Court's inherent power to manage its docket." *Id*. at 27. The order also noted that Travis "ha[d] not set forth any facts" in his complaint "showing that it [wa]s necessary to appoint a judge of the Court of International Trade to preside over" the case. *Id*. More specifically, the order concluded that "[t]he Complaint in this case and the Answer in *Travis I* do not indicate that there are any issues regarding import transactions or federal transactions affecting international trade which would require a judge of the Court of International Trade to ensure that the ruling in this Court in *Travis I* is consistent with other federal court rulings regarding import transactions." *Id*. at 28.

On August 5, 2022, Travis filed a pro se response to the order to show cause. The response included some of the same allegations as Travis's complaint. In particular, Travis continued to describe himself as a "NONPERSON," "NON-RESIDENT, NON-DEBTOR," "NON-CORPERATED, NON-FICTION, NON-SUBJECT, NON-PARTICIANT [sic] in any Government programs," and he

4

continued to assert his right to have "a competent and qualified judge from the Article III Court of International Trade" preside over the case. *Id*. at 29–30, 32. Travis also asserted in his response that the action should proceed in order to resolve a number of "unanswered questions" regarding his liability for the federal taxes and penalties asserted against him by the government. *Id*. at 33.

On August 11, 2022, the district court issued a memorandum opinion and order dismissing the case without prejudice because it found that "Plaintiff's Complaint in this case is essentially identical to [his] Answer in *Travis I*." *Id*. at 41. The district court cited in support Tenth Circuit case law authorizing district courts "to control their dockets by dismissing duplicative cases." *Id*. (citing *Katz v. Gerardi*, 655 F.3d 1212, 1217–18 (10th Cir. 2011)). The district court entered final judgment the same day.

Travis filed a notice of appeal on August 12, 2022.

II

On appeal, Travis essentially repeats some of the arguments contained in his complaint, but otherwise makes no attempt to challenge the district court's finding that his complaint is duplicative of the answer that he filed in *Travis I*. Having reviewed the record on appeal, we conclude the district court did not err in finding that Travis's complaint in this matter is duplicative of his answer in *Travis I*, and we in turn conclude that the district court did not abuse its discretion to control its docket by dismissing this matter without prejudice. *See Katz*, 655 F.3d at 1219 (applying

5

abuse of discretion standard to district court ruling designed to prevent duplicative litigation).

III

The judgment of the district court is AFFIRMED.

Entered for the Court

Mary Beck Briscoe<br>Circuit Judge